NOV 23 2026 AM9:26
FILED - USDC - BPT - CT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**CRAIG SEARS,**
*Plaintiff,*
v.
**ANDREA BARTON REEVES, in her official capacity as Commissioner of the Connecticut Department of Social Services,**
*Defendant.*

**Civil No. 3:26-CV-02023 (VAB)**
**FIRST AMENDED COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF**
**Filed Pursuant to Fed. R. Civ. P. 15(a)(1)**

## I. INTRODUCTION & JURISDICTION

1. Plaintiff **Craig Sears**, appearing *pro se*, brings this First Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1) to name **Andrea Barton Reeves, in her official capacity as Commissioner of the Connecticut Department of Social Services ("DSS")**, pursuant to *Ex parte Young*, 209 U.S. 123 (1908), Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

2. This Court has federal-question jurisdiction under **28 U.S.C. § 1331** and **28 U.S.C. § 1343(a)(3)–(4)** because Plaintiff's claims arise directly under federal statutes and the U.S. Constitution, including **42 U.S.C. § 12132** (Title II of the ADA), **29 U.S.C. § 794** (Section 504 of the Rehabilitation Act), **42 U.S.C. § 1983**, **42 U.S.C. § 1396a(a)(3)**, **42 U.S.C. § 1396n(c)**, **42 U.S.C. § 1396b(l)**, and the Fourteenth Amendment and Supremacy Clause of the U.S. Constitution.

## II. PARTIES

3. **Plaintiff Craig Sears** resides at 100 River Road #126, Wilton, Connecticut 06897. Plaintiff is an individual with a documented traumatic brain injury (TBI), a **grandfathered 1999 Acquired Brain Injury (ABI) Waiver I participant**, and an **original class action member** entitled to heightened federal community-integration protections.

4. **Defendant Andrea Barton Reeves** is sued strictly in her **official capacity** as Commissioner of the Connecticut Department of Social Services, the single state

agency responsible for administering Connecticut's Medicaid program and ensuring compliance with federal Medicaid and disability laws.

## III. STATEMENT OF FACTS

5. Plaintiff is authorized for **72 hours per week** of Medicaid ABI Waiver I home-care services essential to his daily survival, neurological support, safety, and ability to live in the community.

6. Although Plaintiff's 72 hours remain "active on paper," Defendant placed an internal funding freeze and suspension on Plaintiff's chosen provider of record, **New Day Home Care**, over Electronic Visit Verification (EVV) clock-in and billing audit disputes, leaving Plaintiff with **zero actual care** and **no emergency backup care bridge**.

7. After freezing payments to New Day Home Care, Defendant allowed the agency to continue providing care for approximately one full year without deploying an emergency care bridge until Plaintiff personally alerted DSS to the absence of any backup plan.

8. Defendant also attempted to apply post-2014 **ABI Waiver II** rules and EVV clock-in restrictions to Plaintiff's **1999 grandfathered ABI Waiver I** services.

9. Alternative agencies suggested through DSS/SWCAA either lacked staffing capacity to cover Plaintiff's 72 hours or involved conflicted agencies currently subject to pending administrative civil rights proceedings, whereas **New Day Home Care** remains Plaintiff's chosen provider of record with trained caregivers ready to staff Plaintiff's 72 hours immediately upon release of the payment freeze.

10. Defendant never issued Plaintiff a lawful written Notice of Action terminating or reducing his actual care, nor provided continued services ("aid paid pending"), placing Plaintiff at immediate risk of medical crisis, hospitalization, and forced institutionalization.

## IV. FEDERAL CAUSES OF ACTION

11. **Count I – Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and *Olmstead v. L.C.*:** Defendant is violating Title II of the ADA and *Olmstead* by abandoning a grandfathered brain-injured resident at zero actual care hours without an emergency backup bridge, placing Plaintiff at serious risk of unjustified institutionalization.

12. **Count II – Section 504 of the Rehabilitation Act (29 U.S.C. § 794):** Defendant receives federal Medicaid funds and is unlawfully denying Plaintiff meaningful access to community-based waiver services solely by reason of his disability.

13. **Count III – Federal Medicaid Waiver Health-and-Welfare Assurances & CMS EVV Rules (42 U.S.C. § 1396n(c), 42 U.S.C. § 1396b(l), and 42 C.F.R. § 441.302):** Federal

Medicaid waiver regulations require Defendant to maintain health-and-welfare safeguards and an emergency backup bridge, and federal CMS guidance prohibits using EVV clock-in disputes or provider billing audits to cut off care to a disabled beneficiary.

14. **Count IV – Federal Medicaid Due Process & Constitutional Protections (42 U.S.C. § 1396a(a)(3), 42 C.F.R. Part 431 Subpart E, Fourteenth Amendment, and Supremacy Clause, U.S. Const. art. VI, cl. 2):** Depriving Plaintiff of all 72 hours of actual care through an internal provider funding freeze without prior written notice or continued services violates federal statutory and constitutional due process, and federal law overrides conflicting internal state audit policies.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue an immediate Temporary Restraining Order and Preliminary Injunction directing Defendant Andrea Barton Reeves, in her official capacity, to immediately restore Plaintiff's **72 hours per week** of staffed home-care services by lifting the payment block as to Plaintiff's care with **New Day Home Care** or immediately deploying a fully staffed **emergency care bridge**;

B. Enjoin Defendant from applying post-2014 ABI Waiver II rules or EVV clock-in restrictions to terminate or interrupt Plaintiff's grandfathered 1999 ABI Waiver I care without full federal due process;

C. Waive any security bond requirement pursuant to Federal Rule of Civil Procedure 65(c); and

D. Grant such other and further relief as the Court deems just and proper.

Dated: November 20, 2026
Respectfully submitted,
/s/ Craig Sears
**Craig Sears**, *Pro Se*
100 River Road #126
Wilton, CT 06897
*203-563-9940*

*searscraig8@gmail.com*

---

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, a true and correct copy of the foregoing **First**

**Amended Complaint** was served via electronic mail upon counsel of record for Defendant:

**Patricia McCooey, Assistant Attorney General**
Office of the Attorney General
165 Capitol Avenue, Hartford, CT 06106
Email: patricia.mccooey@ct.gov

/s/ Craig Sears
**Craig Sears**

11-20-26